[No. G033636. Fourth Dist., Div. Three. Nov. 17, 2004.]

WE DO GRAPHICS, INC., Plaintiff and Appellant, v.
MERCURY CASUALTY COMPANY, Defendant and Respondent.

COUNSEL

Law Offices of Cottle & Keen and Bertrand E. Cottle for Plaintiff and Appellant.

Hager & Dowling, Lisa Franklin and Jeffery D. Lim for Defendant and Respondent.

OPINION

**MOORE, J.**—We Do Graphics, Inc. (WDG) sued its insurer, Mercury Casualty Company (Mercury) after Mercury refused to defend and indemnify WDG in a third party action. Mercury moved for summary judgment, and the trial court granted the motion, finding the underlying action did not trigger insurance coverage. WDG argues that at a minimum, Mercury had the duty to provide a defense. We disagree and affirm the judgment.

I

FACTS

On December 1, 2000, Mercury issued a 36-month business liability policy to WDG, a commercial printing business. The policy included coverage for advertising injury, among other provisions.

In June 2001, Stratacom Printed Communication Solutions, Inc., Adgraphics, and Stratacom's owners, James Majewski and Thomas Majors (collectively Stratacom), filed suit against WDG and Alexander Jakovich. The complaint alleged causes of action against Mercury for misappropriation of trade secrets, violation of the Unfair Practices Act (Bus. & Prof. Code, § 17200 et seq.), unfair competition, breach of fiduciary duty, interference with business relationships, conversion, and specific possession of personal property.

The Stratacom complaint alleged that Jakovich was once a shareholder in Adgraphics who subsequently sold his stock to Majewski and Majors. Jakovich then worked for Stratacom until June 1, 2001. Pursuant to the agreement entered into when Jakovich became a Stratacom salesperson, upon his departure from the company, Jakovich was required to turn over a variety of company materials, including customer files. Both a subsequent amendment to this agreement and the stock purchase agreement included noncompetition clauses, which prohibited Jakovich from working for Stratacom

competitors for 24 months following the end of his employment and from the date of the stock purchase agreement.

The plaintiffs in the underlying action further alleged that in June 2001, after receiving notice of Jakovich's resignation, they discovered that various customer files and computer data were missing. They alleged that Jakovich had become an employee of WDG and solicited the business of Stratacom customers for WDG's benefit.

WDG tendered its claim for defense to Mercury on June 15, 2001. On July 31, the parties in the underlying action stipulated to arbitration of the following claim: "Enforcement of non-competition provisions contained in [the] employment agreement of Al Jakovich as part of purchase of stock and good will of Adgraphics, formerly owned by Al Jakovich; in the alternative, claimants ask for an award of damages based on profits from sales made in violation of covenant not to compete; costs; attorneys fees."

On October 19, 2001, Mercury denied coverage. On May 24, 2002, WDG and Jakovich prevailed against Stratacom in the arbitration proceeding. WDG subsequently sued Mercury for breach of contract, bad faith, and fraud. Mercury's demurrer to the fraud cause of action was sustained, and Mercury then moved for summary judgment on the remaining claims. The court granted Mercury's motion and this appeal followed.

II

DISCUSSION

*Standard of Review*

 This court reviews de novo the trial court's decision to grant summary judgment. (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1001 [67 Cal.Rptr.2d 483].) Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) To prevail on the motion, a defendant must demonstrate the plaintiff's cause of action has no merit. This requirement can be satisfied by showing either one or more elements of the cause of action cannot be established or that a complete defense exists. (Code Civ. Proc., § 437c, subds. (o), (p); *Bardin v. Lockheed Aeronautical Systems Co.* (1999) 70 Cal.App.4th 494, 499–500 [82 Cal.Rptr.2d 726].) If the defendant meets this requirement, the burden shifts to the plaintiff to demonstrate a triable issue of material fact exists. (Code Civ. Proc., § 437c,

subd. (p)(2); *Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 72 [78 Cal.Rptr.2d 16, 960 P.2d 1046].)

*Duty to Defend*

■ An insurer has a duty to defend a third party claim if there is a potential for coverage or if the insured has a reasonable expectation of coverage in light of the nature and kind of risks covered by the policy. (*B & E Convalescent Center v. State Compensation Ins. Fund* (1992) 8 Cal.App.4th 78, 92 [9 Cal.Rptr.2d 894].) The duty to defend is broad, and the insured need only show the underlying lawsuit may fall within the policy's coverage. (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [24 Cal.Rptr.2d 467, 861 P.2d 1153] (hereafter *Montrose*).) Where the policy language clearly provides no basis for coverage, however, there is no duty to defend because there can be no reasonable expectation of a defense. (*B & E Convalescent Center v. State Compensation Ins. Fund, supra,* 8 Cal.App.4th at p. 100.)

■ The insurer's duty to defend turns on the facts alleged by the underlying lawsuit. The facts may either be those alleged in the complaint, or available to the insurer from extrinsic sources. (*Montrose, supra,* 6 Cal.4th at p. 295; *Gray v. Zurich Insurance Co.* (1966) 65 Cal.2d 263, 276 [54 Cal.Rptr. 104, 419 P.2d 168].) The duty to defend is not measured by hindsight, but turns " 'upon those facts known by the insurer at the inception of a third party lawsuit.' " (*Montrose, supra,* 6 Cal.4th at p. 295.) If, at the time of tender, the allegations of the complaint together with extrinsic facts available to the insurer demonstrate no potential for coverage, the carrier may properly deny a defense.

*WDG's Insurance Policy*

WDG's business liability policy requires Mercury to defend lawsuits against WDG seeking damages for bodily injury, property damage, personal injury, or advertising injury. Only the advertising injury provisions are relevant here. The policy states the insurance applies to " 'Advertising injury' caused by an offense committed in the course of advertising your goods, products or services[.]"

Advertising injury is more fully defined elsewhere in the policy. " 'Advertising Injury' means injury arising out of one or more of the following offenses: [¶] (a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods,

products or services; [¶] (b) Oral or written publication of material that violates a person's right of privacy; [¶] (c) Misappropriation of advertising ideas or style of doing business; or [¶] (d) Infringement of copyright, title or slogan."

*The Underlying Complaint*

The Stratacom complaint alleged the following relevant facts: 1) Customer information was removed from a computer, and other customer-related information was missing and in Jakovich's possession; 2) Jakovich had become employed by WDG and was soliciting Stratacom's customers and transferring existing orders to WDG; 3) Stratacom had "expended thousands of dollars in promoting its products and services by and through direct mail, telephone communications, articles, advertisements, and trade journals. In addition, Plaintiffs rely on the recommendations and referrals from existing customers based upon the outstanding reputation and business performance of ADGRAPHICS and STRATACOM. This promotional work has resulted in a compilation of information regarding identities, locations, and the specific business needs of Plaintiffs' customers." 4) "Plaintiffs maintain customer files identifying the names of its customers, the customer history, information concerning each order placed by each customer . . . . Plaintiffs maintain these files containing active customer orders and special customer needs. These documents . . . are . . . 'Trade Secrets'. These Trade Secrets are confidential within ADGRAPHICS and STRATACOM and are the subject of efforts . . . to maintain their secrecy. Select employees . . . have access to the Trade Secret information, including JAKOVICH." 5) After resigning from Stratacom, Jakovich "took with him the above described Trade Secrets and other active customer order files and is presenting using this information to unfairly and unlawfully compete with Plaintiffs while employed by WDG, a competitor. . . . Plaintiffs have discovered that JAKOVICH has telephoned plaintiff's customers to solicit business; that he has stated to those customers that he would under cut Plaintiffs' prices; and that he has in fact taken customer orders previously placed with Plaintiffs and transferred them to WDG." The complaint alleged these actions constituted misappropriation of trade secrets, and all of the claims against WDG are based on these facts.

*Mercury's Duty to Defend*

█ To trigger coverage under an advertising injury clause, the facts must demonstrate a causal connection between some form of advertising and the alleged injury. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254,

1275 [10 Cal.Rptr.2d 538, 833 P.2d 545].) "[T]he term 'advertising' as used in CGL policies to mean widespread promotional activities usually directed to the public at large." (*Hameid v. National Fire Ins. of Hartford* (2003) 31 Cal.4th 16, 24 [1 Cal.Rptr.3d 401, 71 P.3d 761], fn. omitted.)

WDG argues that it "routinely advertised its services and products . . . and called upon Jakovich to offer his input and comments on marketing and advertising strategies. The Stratacom complaint alleged that Jakovich removed numerous documents and information which it had compiled at great expense and which related to its advertising and marketing efforts (a potential misappropriation of advertising ideas or style of doing businesses), and that Jakovich then contacted a number of its customers and induced them to cancel their orders with Stratacom and place them with WDG (a potential libel or slander of Stratacom)."

First, we note that Jakovich's alleged input into WDG's "marketing and advertising strategies" is not alleged anywhere in the underlying complaint. The only evidence of such input was a declaration filed in opposition to summary judgment. Further, while the Stratacom complaint does allege that Stratacom spent money on advertising, it did not allege the trade secrets directly related to those efforts. The trade secrets allegedly taken were specific customer information, not advertising ideas. WDG's claims that the underlying complaint states Jakovich had stolen "marketing techniques in advertising" is without foundation.

Moreover, the complaint does not allege "libel or slander" in connection with the Jakovich's customer solicitation, as no false statements of fact are alleged. "An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." (*Gunderson v. Fire Ins. Exchange* (1995) 37 Cal.App.4th 1106, 1114 [44 Cal.Rptr.2d 272].)

■ Simply put, the facts alleged in the underlying complaint relate to a defecting employee who allegedly stole trade secrets and attempted to solicit his former employer's customers. Nothing is alleged relating to any advertising activity by WDG. As we have noted, WDG's insurance policy defines advertising injury as: "(a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; [¶] (b) Oral or written publication of material that violates a person's right of privacy; [¶] (c) Misappropriation of advertising ideas or style of doing business; or [¶] (d) Infringement of copyright, title or slogan." The Stratacom complaint alleges no facts relating to any "advertising injury" as defined by the policy, and Mercury did nothing improper by denying a defense.

## III

### DISPOSITION

The judgment is affirmed. Mercury is entitled to its costs on appeal.

O'Leary, Acting P. J., and Fybel, J., concurred.