[No. G042988. Fourth Dist., Div. Three. Mar. 8, 2011.]

JOHN M. SHANAHAN, Plaintiff and Appellant, v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Valera Law Office and Viterbo L. Valera for Plaintiff and Appellant.

Robie & Matthai, James R. Robie, Michael J. O'Neill and Ronald P. Funnell for Defendant and Respondent.

OPINION

**MOORE, Acting P. J.**—Cheryl Skigin sued her employer John M. Shanahan and companies owned by him for sexual harassment, gender discrimination, marital status discrimination, religious discrimination, retaliation, sexual battery, breach of oral contract, fraud and deceit, breach of written contract, and wrongful termination. Shanahan settled the lawsuit for $700,000.

Shanahan had a renter's insurance policy and a separate personal liability policy (umbrella policy) with State Farm General Insurance Company (State Farm). He sued State Farm for breach of contract and breach of the covenant of good faith and fair dealing based upon State Farm's refusal to defend the Skigin lawsuit. State Farm filed a motion for summary judgment, contending it had no duty to defend Shanahan. Pertinent to this appeal, State Farm asserted it had no duty to defend a charge of sexual battery because intentional acts are not covered by Shanahan's policies. The trial court granted State Farm's motion.

Shanahan argued that although sexual battery is an intentional act not covered by his policies, Skigin could have amended the complaint or a jury could have found he *negligently* touched her. Skigin, however, testified in her

deposition that she was not offended by his negligent touchings. We conclude there was no potential for liability on a negligence theory.

Shanahan further argues that facts alleged in the complaint may have constituted defamation, an offense covered by his umbrella policy. However, there was no evidence suggesting any publication of the alleged statements to any third person. He denied ever making the statements and according to Skigin's deposition testimony, no one was present when he made the first statement, and the person sitting next to her did not hear Shanahan's second statement.

We also reject Shanahan's contention that his alleged repeated attempts at convincing Skigin to leave her husband and his act of sending her flowers to her residence with a card suggesting their relationship was more personal than professional amounted to an invasion of privacy, a cause of action covered by his umbrella policy. Accordingly, we affirm.

I

FACTS

Skigin, an attorney, sued Shanahan and Shanahan's companies alleging a number of improprieties by Shanahan, her employer, in connection with her employment.[1] Included in the complaint was a cause of action against Shanahan, alone, for sexual battery. The complaint alleged in an introductory paragraph that in December 2003, while Skigin was at a Christmas party at Shanahan's house, he "grabbed" her "by the buttocks, made comments about [her] body, and lewdly suggested [she] engage in sexual intercourse with [him]." She also alleged that while they were in Ireland on a business trip, Shanahan attempted to get Skigin to leave her husband and share an apartment with him in Ireland. Then, "[o]n October 29, 2005, [Shanahan] again groped [her] buttocks as she was leaving a dinner meeting." (Capitalization omitted.) The complaint further alleged Shanahan repeatedly pressured Skigin to leave her husband, and when Skigin returned from the business trip to Ireland, Shanahan sent flowers and a card to the residence she shared with her husband and children. The card suggested their relationship was more personal than professional.

---

[1] Because there is no contention that any of the employment causes of action were covered by Shanahan's insurance, the facts relevant to those causes of action are omitted.

Skigin testified at a deposition about two incidents at the December 2003 Christmas party at Shanahan's house. In one, they were in his backyard when Shanahan grabbed her left buttock and said, "Hum, firm, must be all that horseback riding." She said he squeezed her buttock. "It was a pat them on the butt and grab." In the other, she said she was inside Shanahan's house, seated on the couch, when an intoxicated Shanahan, who was seated in a chair adjacent to the couch, grabbed her hand and asked, "Don't you want to go away with me, don't you want me to f--- your brains out, isn't that what you want? Don't you want to go away with me somewhere and have me f--- your brains out, isn't that what you want?" The person next to her on the couch was engaged in conversation with someone else and did not hear Shanahan's remarks.

Shanahan denied the 2003 Christmas party incidents. He specifically denied asking Skigin to engage in sexual intercourse. He also denied any romantic involvement with Skigin. He denied being intoxicated at the party, but stated he had been taking pain medication at the time.

Shanahan had two insurance policies with State Farm: a renter's policy and an umbrella policy. The renter's policy provided $100,000 personal liability coverage and the umbrella policy provided $5 million personal liability coverage.

Shanahan tendered Skigin's complaint to State Farm to defend. The insurance company denied coverage and refused to defend, inter alia, because the policies did not cover business pursuits and the sexual battery was not the result of an accident. Shanahan thereafter settled Skigin's claims for $700,000. He filed the present lawsuit against State Farm for breach of contract and breach of the covenant of good faith for failing to defend him in the Skigin lawsuit. He alleged that in addition to the settlement in the Skigin matter, he incurred over $1 million in fees in defending her lawsuit.

State Farm filed a motion for summary judgment, contending there was no duty to defend as the policies excluded coverage for business pursuits, sexual battery is an intentional tort, and there was no possibility of coverage under Shanahan's policies. Shanahan asserted there were theories under which he would have been covered including negligence, slander and invasion of privacy, regardless of whether or not they were alleged. The superior court granted State Farm's summary judgment motion. Shanahan appealed.

II

DISCUSSION

A. *Summary Judgment*

As we have observed before: "This court reviews de novo the trial court's decision to grant summary judgment. [Citation.] Summary judgment is appropriate 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citation.] To prevail on the motion, a defendant must demonstrate the plaintiff's cause of action has no merit. This requirement can be satisfied by showing either one or more elements of the cause of action cannot be established or that a complete defense exists. [Citations.] If the defendant meets this requirement, the burden shifts to the plaintiff to demonstrate a triable issue of material fact exists. [Citations.]" (*We Do Graphics, Inc. v. Mercury Casualty Co.* (2004) 124 Cal.App.4th 131, 135–136 [21 Cal.Rptr.3d 9].)

"In the insurance context, this means that ' "the trial court must decide if a triable issue of fact exists. If none does, and the sole remaining issue is one of law, it is the duty of the trial court to determine the issue of law." [Citation.] [¶] On appeal, this court must conduct de novo review to determine whether there are any triable factual issues. [Citation.] Likewise, because the "interpretation of an insurance policy is a question of law, [we must] make an independent determination of the meaning of the language used in the contract under consideration." [Citation.]' [Citations.]" (*Northland Ins. Co. v. Briones* (2000) 81 Cal.App.4th 796, 802 [97 Cal.Rptr.2d 127].)

B. *Duty to Defend*

When the issue is whether an insurance company has a duty to defend its insured in an action by a third party, "the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*. In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*." (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [24 Cal.Rptr.2d 467, 861 P.2d 1153].)

"[T]he duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the technical legal cause of action pleaded by the third party. [Citation.]" (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 510 [108 Cal.Rptr.2d 657].) "If any facts stated or fairly inferable in the complaint, or otherwise

known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage. On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 655 [31 Cal.Rptr.3d 147, 115 P.3d 460].)

"Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor. [Citation.]" (*Horace Mann Ins. Co. v. Barbara B.* (1993) 4 Cal.4th 1076, 1081 [17 Cal.Rptr.2d 210, 846 P.2d 792].) On the other hand, "the insured ' "may not speculate about unpled third party claims to manufacture coverage" ' [citation], and the insurer has no duty to defend where the potential for liability is ' "tenuous and farfetched." ' [Citation.] The ultimate question is whether the facts alleged 'fairly apprise' the insurer that the suit is upon a covered claim. [Citation.]" (*Michaelian v. State Comp. Ins. Fund* (1996) 50 Cal.App.4th 1093, 1106 [58 Cal.Rptr.2d 133].)

Because "[t]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy" (*Horace Mann Ins. Co. v. Barbara B., supra*, 4 Cal.4th at p. 1081), we now turn to the provisions of Shanahan's insurance policies. As an insured is obligated to defend against all claims in an action if *any* of the claims may be covered by the policy (*ibid.*), there is no need to spend much time or effort discussing why various clauses excluded Skigin's claims from coverage. For example, each policy excluded from its provisions bodily injury resulting from the willful and malicious acts of Shanahan, or arising out of his business pursuits. We, therefore, focus on the provision(s) Shanahan argues provides potential coverage.

### 1. The Renter's Policy

The renter's policy insured Shanahan against personal liability "[i]f a claim is made or a suit is brought . . . because of *bodily injury* . . . to which this coverage applies, caused by an *occurrence* . . . ." (Italics added.) "Bodily injury" and "occurrence" are each defined in the policy. The policy defines bodily injury as "physical injury, sickness, or disease to a person . . . ." Excluded from the definition are "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury *unless* it arises out of actual physical injury to some person." (Italics added.) Occurrence is defined in relevant part as "an accident . . . which results in . . . bodily injury."

## 2. *The Umbrella Policy*

Shanahan's umbrella policy insured him against any "loss," which the policy defined as "an accident . . . which results in bodily injury or property damage during the policy period . . . , or [¶] . . . *the commission of an offense, or series of similar or related offenses, which result in personal injury during the policy period.*" (Italics added.)[2] "Bodily injury" under this policy specifically included "emotional distress or mental injury to a person," and did not condition coverage for emotional or mental injuries upon the existence of an "actual physical injury" as the renter's policy did. Included within the definition of "personal injury" were injuries caused by "false arrest, false imprisonment, . . . [¶] . . . libel, slander, defamation of character or invasion of rights of privacy." The policy excluded from its coverage "any loss caused by illegal discrimination," as well as from any "willful and malicious act" of Shanahan.

## C. *Analysis*

Because the determination of whether an insurer has a duty to defend depends upon the terms of the insurance policy it issued, and Shanahan had two policies with State Farm—the provisions of which were not identical—we separately analyze State Farm's duty under each policy.

The insuring clause of the renter's policy provided coverage for bodily injury caused by an occurrence. Whether Shanahan's acts could ever be characterized as an accident—the policy's definition of "occurrence"—need not detain us because Skigin's complaint did not allege any "actual physical injury" as required by the renter's policy. Although Skigin claimed to have suffered mental anguish and emotional distress, the renter's policy liability provision required a lawsuit for damages "because of bodily injury or property damage" covered by the policy. The renter's policy did not cover "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury *unless* it [arose] out of an actual physical injury to some person" (italics added), and Skigin did not claim any actual physical injury.

The umbrella policy promised coverage for "an accident that results in personal injury or property damage." Unlike the renter's policy, the umbrella

[2] Shanahan does not, nor could he, argue the italicized language provides coverage for intentional acts. "[Insurance Code section] 533 provides that '[a]n insurer is not liable for a loss caused by the wilful act of the insured . . . .' This provision is ' "an implied exclusionary clause which by statute is to be read into all insurance policies." ' [Citation.] 'As a result, the parties to an insurance policy cannot contract for such coverage.' [Citation.]" (*Combs v. State Farm Fire & Casualty Co.* (2006) 143 Cal.App.4th 1338, 1342 [49 Cal.Rptr.3d 917], fn. omitted.)

policy covered emotional distress and mental anguish without requiring such injuries to have arisen from an actual physical injury.

According to Skigin's complaint and her testimony at her deposition, Shanahan "groped" her buttocks in 2005, and "grabbed" her left buttock at his 2003 Christmas party, stating, "Hum, firm, must be all that horseback riding." The grab involved Shanahan squeezing Skigin's buttock. The complaint and her testimony also referred to another incident at the same Christmas party, when Shanahan took her hand while she was seated on a couch and made a lewd comment to her.

■ "[T]he tort of sexual battery requires an intent to cause a harmful or offensive contact. (Civ. Code, § 1708.5.) Since an intent is required, the conduct is intentional sexual misconduct which is, as noted above, excluded from coverage by both the terms of the policy and Insurance Code section 533." (*Northland Ins. Co. v. Briones, supra*, 81 Cal.App.4th at p. 811.) Shanahan concedes that groping is intentional, but argues that as he denied touching Skigin at the 2003 Christmas party, there may have been an accidental touching of her buttocks.

■ While cognizant of the fact that "[a]ny doubt as to whether the facts establish that the duty to defend exists must be resolved in the insured's favor" (*Kazi v. State Farm Fire & Casualty Co.* (2001) 24 Cal.4th 871, 879 [103 Cal.Rptr.2d 1, 15 P.3d 223]), we fail to see how grabbing Skigin's buttock, squeezing it, and telling her that its firmness must be the result of all her horseback riding, could have been accidental. Shanahan's alleged speech and action were so closely connected as to be one. One does not "accidentally" tell a woman horseback riding has resulted in her having firm buttocks. Speech is intentional, even if Shanahan had been taking pain medication at the time and was not intoxicated.

Moreover, Skigin did not sue for sexual battery based upon that incident. Although the grabbing incident was alleged in the preliminary paragraphs of the complaint and was incorporated by reference into the sexual battery cause of action—as all the preliminary paragraphs were incorporated into each and every cause of action—the sexual battery cause of action specifically alleged Shanahan had "groped" Skigin's buttock in 2005. In her deposition testimony, Skigin testified she "blew . . . off" the 2003 grabbing incident and did not consider it to be intentional or sexually offensive. Her deposition testimony effectively disavowed any reliance upon the 2003 grabbing incident as a basis for her sexual battery cause of action. Indeed, Shanahan claims Skigin intentionally omitted alleging the 2003 grabbing incident as a sexual battery and did not perceive the incident as sexually offensive. Thus, Skigin did not seek damages for an injury arising from that particular incident and no

corresponding duty to defend arose from inclusion of that allegation in the complaint. This leaves as the basis of the sexual battery cause of action the 2005 incident where Shanahan allegedly groped Skigin's buttocks. Shanahan acknowledges "groping" is intentional and does not contend it could have been accidental.

Shanahan separately argues his umbrella policy covers false imprisonment, wrongful detention, slander, defamation of character and invasion of privacy, and facts alleged in Skigin's complaint support possible claims for these torts. He points to the complaint's allegations that he grabbed Skigin's buttocks in the presence of others at the 2003 Christmas party, made comments about her body, and suggested she engage in sexual intercourse with him. He contends these allegations could support a covered claim for slander.

There is no triable issue as to any material fact with regard to a potential slander action. According to Skigin's deposition testimony, no one was present when Shanahan grabbed her buttock at the 2003 Christmas party and made the comment about its firmness. She also testified that when he grabbed her hand while she was seated on the couch and he asked whether she wanted him to "f--- [her] brains out," the person seated next to her did not hear Shanahan's lewd questions. For his part, Shanahan denies ever having touched Skigin or suggesting they have sex. Thus, under either Skigin's or Shanahan's version, there was no third party to hear his alleged statements. In other words, the complaint did not allege a publication, a necessary element of slander. (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1242 [7 Cal.Rptr.3d 576, 80 P.3d 676].)

Shanahan also argues potential coverage existed because the allegation that he pressured Skigin to leave her husband constituted an intrusion into the privacy right of marriage. Although he cites our opinion in *Catsouras v. Department of California Highway Patrol* (2010) 181 Cal.App.4th 856 [104 Cal.Rptr.3d 352], for the proposition that a right of privacy exists as to activities relating to marriage, familial relationships, and child rearing, he cites no authority for the proposition that entreating an individual to leave his or her spouse creates a cause of action for invading that individual's right of privacy. We therefore reject this argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).) For the same reason, we also reject Shanahan's contention that sending flowers to Skigin's home suggesting their relationship was more personal than professional constituted an invasion of privacy.[3]

---

[3] " 'The cause of action for invasion of privacy includes three elements: (1) Public disclosure of (2) private facts which are (3) offensive and objectionable to a reasonable person

## III

## DISPOSITION

The judgment is affirmed. State Farm shall recover its costs on appeal.

Fybel, J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 15, 2011, S192596.

---

of ordinary sensibilities. [Citation.]' [Citation.]" (*Maheu v. CBS, Inc.* (1988) 201 Cal.App.3d 662, 674 [247 Cal.Rptr. 304].) Shanahan does not suggest how these elements are shown by facts alleged in the complaint.