**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


| | |
|---|---|
| GK SKAGGS, INC. And GREGORY SKAGGS, an individual, | No. 12-56501 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 8:12-cv-00169-JVS-JPR |
| v. | MEMORANDUM[*] |
| HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation, | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted June 6, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

GK Skaggs, Incorporated and Gregory Skaggs (collectively "GKS") sued Hartford Casualty Insurance Company ("Hartford"), seeking a declaratory judgment that Hartford had a duty to defend GKS in an action filed against GKS, Cerveceria Centro Americana ("CCA"), and Central Beer Import & Export ("Central Beer") by non-party Leonel & Noel Corporation ("L&N"). GKS and Hartford filed cross-motions for summary judgment. The district court denied GKS's motion and granted Hartford's. Reviewing de novo, *see Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009) (summary judgment); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (insurance policy interpretation), we affirm.

1. The policy language itself forecloses GKS's argument that statements in GKS's termination letter formed the basis for potential disparagement liability. There were no "damages because of . . . injury . . . arising out of" GKS's disparagement, because GKS sent L&N the termination letter after CCA and Central Beer had terminated their contracts with L&N. *See Medill v. Westport Ins. Corp.*, 49 Cal. Rptr. 3d 570, 578-79 (Cal. Ct. App. 2006) (noting that policy language "arising out of" requires a "minimal causal connection or incidental relationship").

2. The Second Amended Complaint ("SAC") alleged (1) a tortious interference claim, (2) that GKS was a "middleman" in the chain of beer distribution, and (3) that GKS "chastised [the downstream distributor] for its decline in sales." GKS argues that these allegations imply that GKS made disparaging statements about L&N to CCA and Central Beer, other than those contained in GKS's termination letter. However, there is no precedent holding that such speculative inferences would "'fairly apprise' the insurer that the suit is upon a covered claim." *Shanahan v. State Farm Gen. Ins. Co.*, 122 Cal. Rptr. 3d 572, 577 (Cal. Ct. App. 2011) (quoting *Michaelian v. State Comp. Ins. Fund*, 58 Cal. Rptr. 2d 133, 141 (Cal. Ct. App. 1996). Moreover, any inference of falsity is negated by L&N's allegations that GKS *worked together* with CCA and Central Beer to force L&N out of the market.

3. Potential disparagement liability also does not arise from L&N's Lanham Act claim. This claim may theoretically cover conduct constituting disparagement. *Compare* 15 U.S.C. § 1125(a), *with Total Call Int'l, Inc. v. Peerless Ins. Co.*, 104 Cal. Rptr. 3d 319, 326 (Cal. Ct. App. 2010). However, L&N's Lanham Act claim does not expressly or impliedly allege disparagement. L&N alleged that "GKS'[s] marketing and sales of beers brewed by CCA in Wisconsin falsely implies an authority to sell those brands in Wisconsin, when in fact, [L&N] had the exclusive

3

distribution rights in that state." GKS's allegation of potential disparagement liability is not at all similar to GKS's cited cases.[1] L&N did not allege GKS said anything about GKS's rights, much less that GKS claimed to have the *exclusive* right to distribute CCA beer in Wisconsin. *See Burgett, Inc. v. Am. Zurich Ins. Co.*, 830 F. Supp. 2d 953, 963 (E.D. Cal. 2011) (insured party falsely represented it was the only holder of a particular trademark, implying that the third-party plaintiff did not have rights to that trademark); *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (insured party falsely stated that it offered the only software of a particular kind, inflating its product reviews to the detriment of competitors). Further, L&N alleged a false implication with respect to GKS's rights, not necessarily L&N's products. *See Travelers Prop. Cas. Co. of Am. v. Charlotte Russe Holding, Inc.*, 144 Cal. Rptr. 3d 12, 20-21 (Cal. Ct. App. 2012) (false implication regarding third-party plaintiff's products); *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 910-11 (N.D. Cal. 2011) (same).

GKS's claim that marketing in L&N's exclusive territory would disparage L&N "as a liar" also fails. "Personal injury" under the policy at issue includes

---

[1] Cases not applying California law and unpublished cases are unhelpful here and are therefore not considered.

injury arising from disparagement to "an organization's goods, products, or services," not disparagement to the organization itself.

4. Moreover, even assuming that the SAC's allegations give rise to potential disparagement liability, the breach of contract exclusion would bar coverage. Any disparaging statements GKS purportedly made allegedly culminated in CCA, Central Beer, and/or GKS breaching their contracts with L&N. "[E]xamin[ing] the conduct underlying [L&N's] lawsuit, instead of the legal theories attached to the conduct," the injury here arose out of a breach of contract. *See Medill*, 49 Cal. Rptr. 3d at 579 (internal quotation marks omitted).

**AFFIRMED.**

5