NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SENECA INSURANCE COMPANY, INC.,

Plaintiff,

v.

CYBERNET ENTERTAINMENT, LLC,

Defendant-third-party-
plaintiff-Appellant,

v.

STATE COMPENSATION INSURANCE
FUND,

Third-party-defendant-
Appellee.

No. 18-15082

D.C. No. 4:16-cv-06554-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 21, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

Appellant Cybernet Entertainment, LLC ("Cybernet") filed a third-party complaint against Appellee State Insurance Compensation Fund ("State Fund") seeking a declaration that State Fund had a duty to defend Cybernet in three state court actions filed against Cybernet (the "State Court Actions") under a Workers' Compensation and Employer's Liability Insurance Policy (the "Policy"). The district court held that State Fund did not have a duty to defend Cybernet. Cybernet appealed. We affirm.

We consider whether two policy exclusions bar coverage under the Employer's Liability portion of the Policy for the claims asserted in the State Court Actions. Exclusion 4 provides that coverage under the Employer's Liability portion of the Policy does not extend to "any obligation imposed by a workers' compensation . . . law." Workers' compensation in California provides the exclusive remedy for any claims within the "compensation bargain." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713–14 (1994). A claim is outside of this bargain if it arises from employer conduct that "had a questionable relationship to employment, and [was] neither a risk, an incident, nor a normal part of" employment. *Hart v. Nat'l Mortg. & Land Co.*, 189 Cal. App. 3d 1420, 1430 (1987).

Exclusion 5 provides that coverage under the Employer's Liability portion of the Policy does not extend to "damages or bodily injury intentionally caused or aggravated by" Cybernet. California courts have interpreted such exclusions as

2

"identical in meaning and effect" to California Insurance Code § 533. *Allstate Ins. Co. v. Overton*, 160 Cal. App. 3d 843, 848–49 (1984). That provision—and by extension Exclusion 5—bars coverage for a claim arising from "(1) an act done with intent to injure, *i.e.*, an act deliberately done for the express purpose of causing damage or intentionally performed with knowledge that damages were highly probable or substantially certain to result, or (2) an act [that is] inherently harmful, *i.e.*, an intentional wrongful act in which the harm is inherent in the act itself." *Ortega Rock Quarry v. Golden Eagle Ins. Corp.*, 141 Cal. App. 4th 969, 990 (2006) (citing *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 500 (1998)); *see also Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1112 (9th Cir. 2006). State Fund thus had a duty to defend Cybernet in the State Court Actions if any claims unquestionably (1) alleged an act by Cybernet outside the employer-employee "compensation bargain," *Fermino*, 7 Cal. 4th at 718, and (2) such act was not "done with intent to injure, *i.e.*,[not] an act deliberately done for the express purpose of causing damage or intentionally performed with knowledge that damages were highly probable or substantially certain to result," and not "inherently harmful, *i.e.*, [not] an intentional wrongful act in which the harm is inherent in the act itself," *Ortega Rock Quarry*, 141 Cal. App. 4th at 990. *See also Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th

287, 300 (1993) ("[T]he insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." (emphasis omitted)).[1]

In the State Court Actions, the plaintiffs' causes of action for negligence, negligence per se, breach of the implied covenant of good faith and fair dealing, negligent supervision, and negligent hiring and/or retention alleged, in essence, that Cybernet did not take adequate steps to protect its performers and prevent the spread of sexually transmitted diseases (STDs) and HIV during pornographic shoots, causing injury. The plaintiffs alleged that Cybernet did not provide adequate personal protective equipment, such as condoms, to performers; did not test certain performers; and otherwise violated California regulations meant to prevent the spread of STDs and HIV in pornographic shoots. We hold that the acts and injuries alleged in the foregoing causes of action fall within the compensation bargain because the gravamen of each is that Cybernet did not maintain a safe workplace. The remedy for such workplace-safety claims is workers' compensation. *See Johns-Manville Prods. Corp. v. Superior Court*, 27 Cal. 3d

---

[1] We reject State Fund's contention that Exclusion 5 necessarily bars coverage for any and all claims that are not subject to workers' compensation and Exclusion 4. There is daylight between the two exclusions. For Exclusion 5 to apply, State Fund must demonstrate that any claims not covered by Exclusion 4 allege either acts "done with intent to injure" or acts that are "inherently harmful." *Ortega Rock Quarry*, 141 Cal. App. 4th at 990. Exclusion 4 does not cover some acts that do not meet those criteria—*e.g.*, acts that were negligent or reckless but outside the normal risks of the particular employment.

4

465, 475 (1980), *superseded by statute on other grounds*.  Exclusion 4 therefore bars coverage.

The state-court plaintiffs' causes of action for intentional/fraudulent misrepresentation and conspiracy to commit fraud alleged that Cybernet and others made various false representations concerning the safety of Cybernet shoots (*e.g.*, that protection could be used on request) to the plaintiffs to induce them to participate in those shoots.  The compensation bargain does not include an employer's intentional misrepresentations.  *See Ramey v. Gen. Petroleum Corp.*, 173 Cal. App. 2d 386, 402–03 (1959).  Because California's workers' compensation scheme does not preempt the state-court plaintiffs' claims for intentional/fraudulent misrepresentation or conspiracy to commit fraud, Exclusion 4 is inapplicable.

Nonetheless, Exclusion 5 bars coverage for those claims.  Plaintiffs alleged that Cybernet intentionally misrepresented to plaintiffs that it had safety measures in place to protect them during shoots.  A performer induced to perform by a false representation that Cybernet had safety measures in place to protect performers could foreseeably contract an STD as a result of the false inducement.  And because the complaint alleged that the misrepresentation was intentional, Cybernet acted "with knowledge that damages were highly probable or substantially certain to result."  *Ortega Rock Quarry*, 141 Cal. App. 4th at 990.  Exclusion 5 bars

5

coverage as a consequence.

The state-court plaintiffs' claims for intentional infliction of emotional distress alleged that Cybernet "intentionally and recklessly violated statutes and public policies" and intentionally misrepresented to the plaintiffs that the shoots would be safe, or approved of such actions, causing emotional harm. The compensation bargain does not include an employer's intentional violations of health regulations or fraud by an employer or its agents. *Cf. Ramey*, 173 Cal. App. 2d at 402–03; *Hart*, 189 Cal. App. 3d at 1427–32. For this reason, California's workers' compensation scheme does not provide the exclusive remedy for the state-court plaintiffs' intentional infliction of emotional distress claims and Exclusion 4 is inapplicable. But again, Exclusion 5 bars coverage for these claims. One element of the tort of intentional infliction of emotional distress is "extreme and outrageous conduct by the defendant." *Miller v. Fortune Commercial Corp.*, 15 Cal. App. 5th 214, 228–29 (2017) (quoting *Wilson v. Hynek*, 207 Cal. App. 4th, 999, 1009 (2012)). Conduct is "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* Harm is inherent in such acts and Exclusion 5 applies as a result. *See Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1107 (1996), *as amended* (Dec. 11, 1996).

Finally, two of the three state-court plaintiffs alleged claims of sexual battery against Cybernet. The compensation bargain does not include sexual

battery by an employer or its agents against an employee. *See Hart*, 189 Cal. App. 3d at 1432 (exclusivity rule did not bar claims for assault and battery). For this reason, California's workers' compensation scheme does not provide the exclusive remedy for the state-court plaintiffs' battery claims and Exclusion 4 is inapplicable. Nonetheless, Exclusion 5 bars coverages. "[T]he tort of sexual battery requires an intent to cause a harmful or offensive contact." *Northland Ins. Co. v. Briones*, 81 Cal. App. 4th 796, 811 (2000) (citing Cal. Civ. Code § 1708.5). Because the tort is one of "intentional sexual misconduct," *id.*, California courts have held that California Insurance Code § 533 bars coverage for such claims. *See Shanahan v. State Farm Gen. Ins. Co.*, 193 Cal. App. 4th 780, 788–89 (2011); *Northland Ins. Co.*, 81 Cal. App. 4th at 811. So too does Policy Exclusion 5. *See Michaelian*, 50 Cal. App. 4th at 1107.

Because either Exclusion 4 or Exclusion 5 bars coverage under the Employer's Liability portion of the Policy for each of the causes of action alleged against Cybernet in the State Court Actions, State Fund did not have a duty to defend Cybernet in those actions.

**AFFIRMED.**