

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON KAUFMAN, | No. 19-55603 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00844-ODW-MRW |
| v. | |
| FEDERAL INSURANCE COMPANY; CHUBB NATIONAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 6, 2020**
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff Aaron Kaufman appeals the district court's order granting summary judgment in favor of Defendants Federal Insurance Company and Chubb National Insurance Company ("Defendants"). Kaufman alleged that Defendants owed him a duty to defend under his homeowners insurance policy in an underlying action against his former employer, Blue Shield of California ("Blue Shield").[1] In the underlying action initiated by Kaufman, Blue Shield filed a cross-complaint alleging fraud, breach of fiduciary duty, breach of the duty of loyalty, conversion, and negligent misrepresentation. The claims related to Kaufman's alleged misuse of his company credit card. The insurer denied coverage, and Kaufman filed this action. The district court concluded that the underlying cross-complaint filed by Blue Shield did not trigger a duty to defend because it did not raise a potential claim for defamation, libel, or slander, as required under the relevant policy, and therefore granted summary judgment in favor of Defendants. We review the district court's order *de novo*. *St. Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 607 (9th Cir. 2014). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve this appeal.

1.  Under California law, "[a] liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Montrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993) (quoting *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993)).  The insurer has a "duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005).

Under the relevant policy, the insurer was obligated to "cover damages [that Kaufman became] legally obligated to pay for personal injury or property damage which [took] place anytime during the policy period and [were] caused by an occurrence."  "'Personal injury' means the following injuries[:] . . . libel, slander, [or] defamation of character . . . ."

Under California law, "[t]he tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'" *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (quoting 5 B.E. Witkin, *Summary of California Law* § 529, at 782 (10th ed. 2005)).  Defamation may be effected by either libel or slander.  Cal. Civ. Code § 44; *see also id.* §§ 45–46.

Here, Blue Shield's factual allegations did not raise the possibility of liability for a defamation claim. Blue Shield did not allege any publication or utterance by Kaufman about Blue Shield, false or otherwise. Where the facts known to the insurer, whether alleged or extrinsic, omit an essential element of the cause of action, there is no potential for liability, and thus no duty to defend. *See, e.g.*, *Shanahan v. State Farm Gen. Ins. Co.*, 122 Cal. Rptr. 3d 572, 579 (Ct. App. 2011) (concluding that there was no potential for liability for slander, and thus no duty to defend, because "the complaint did not allege a publication, a necessary element of slander"). Nor did Blue Shield allege that Kaufman undertook any conduct that was "reasonably susceptible of a defamatory meaning" concerning Blue Shield. *See Phelan v. May Dep't Stores Co.*, 819 N.E.2d 550, 554 (Mass. 2004).

On appeal, Kaufman relies heavily on references in Blue Shield's complaint to "reputational damage." But Blue Shield identified this "reputational damage" as its reason for terminating Kaufman, not as an injury caused by a false and injurious publication made by Kaufman.

2. Kaufman also appeals the district court's order granting summary judgment in favor of Defendants on his claim for breach of the implied covenant of good faith and fair dealing. But "[i]t is clear that if there is . . . no duty to defend

4

under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995).

**AFFIRMED.**